■ Fannie Abramson, Respondent, v. Kenwood Laboratories, Inc., et al., Appellants.— In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County, made December 14, 1961 after a pretrial hearing, which in the interests of justice granted plaintiff a preference in trial, pursuant to rule 8 of the Kings County Supreme Court Rules. Order reversed, without costs, and preference vacated, without prejudice to a further application for a preference, if plaintiff be so advised. The learned Justice at the Pretrial Term granted the preference on the ground that defendants' conduct before him at the pretrial conference disclosed that they were not proceeding in good faith and were endeavoring to obstruct the fair and proper disposition of the action. The policy is now

established that in the exercise of his discretion the Justice at a pretrial hearing is empowered to advance the action for trial if he finds or concludes that the defendant is acting arbitrarily and not in good faith (cf. *Perrone* v. *Federated Taxpayers Assn.*, 4 A D 2d 935; *Plachte* v. *Bancroft Inc.*, 3 A D 2d 437, 438, 440). But the record must contain a stenographic transcript of the hearing or other appropriate evidence showing *the facts* on which such finding or conclusion was based. Here, the record is devoid of such facts. Without them, we are in no position to pass upon the propriety of the Justice's exercise of discretion in granting the preference. Hence, we are now constrained to reverse the order, without prejudice, however, to any future application for a preference, if the plaintiffs be so advised. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.